UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYRONE ADGER (#424309)                                        CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                         NO. 15-0390-BAJ-EWD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on December 6, 2016.

    **ERIN WILDER-DOOMES**
    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TYRONE ADGER (#424309)**                                    **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                     **NO. 15-0390-BAJ-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Summary Judgment (R. Doc. 13). This Motion is not opposed.

*Pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc and the State of Louisiana, through the Louisiana Department of Public Safety and Corrections. Plaintiff complains that prison officials have violated his constitutional right to due process by improperly confiscating an excessive amount of his accrued good time credits toward early release. Plaintiff prays for restoration of his good-time credits and for his "immediate release" from confinement "when good time is restored."

Defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of Plaintiff's pertinent administrative remedy proceedings, a copy of Department Regulation No. B-05-006, re: "Classification, Sentencing and Service Functions … Forfeiture of Good Time – Guidelines for Imposition of Sanctions," a copy of an excerpt from Plaintiff's Master Prison Record, a copy of the Disciplinary Rules and Procedures for Adult Offenders, a copy of Plaintiff's state court proceedings on judicial review before the

Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility

of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges that prison officials have erred in the calculation of his date of release from confinement. He asserts that, pursuant to a "fake, false, frivolous Department Regulation No. B-05-006 … that does not even exist," an excessive amount of his earned good time credits toward early release have been improperly taken from him without a forfeiture hearing and without due process of law. As noted above, Plaintiff prays for restoration of the confiscated good time credits and for his immediate release from confinement.

Initially, the Court notes that Plaintiff has named as a defendant in this proceeding the State of Louisiana, through the Louisiana Department of Public Safety and Corrections. Any claim asserted against the State, however, is barred by the Eleventh Amendment to the United States Constitution. Under the Eleventh Amendment, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of other states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, absent consent or waiver, not here present, the State of Louisiana is immune from suit in federal court. This shield of immunity also extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the State. *See, e.g., Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985). *See also Lova v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Accordingly, this aspect of Plaintiff's Complaint is subject to dismissal as a matter of law.

Turning to Plaintiff's claim asserted against the remaining Defendant, Secretary James

LeBlanc, the Court concludes that Plaintiff's claim is not properly before this Court. Specifically, his Complaint, which is presented on a form for the assertion of the violation of his constitutional civil rights under 42 U.S.C. § 1983, seeks relief that is obtainable only through an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This determination is made by focusing on the scope of relief sought by Plaintiff in his Complaint. *See Cornelius v. Warren*, 2009 WL 2514141, *2 (W.D. La. Aug. 13, 2009), *citing Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). In this regard, the United States Supreme Court has determined that a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In addition, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court concluded that a prisoner's § 1983 claim that directly or indirectly challenges the validity or length of his confinement may not be asserted unless the prisoner can show that the sentence of confinement has been reversed, expunged, declared invalid, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, because Plaintiff in this case challenges the length of his present confinement and seeks release from that confinement, and because he has not alleged or shown that his conviction or sentence has been overturned or otherwise brought into question, his § 1983 claim is subject to dismissal, without prejudice to his right to pursue a separate claim for habeas corpus relief.[1]

---

1 Defendant LeBlanc did not raise in the instant Motion for Summary Judgment the argument that Plaintiff's claim should be dismissed for the reasons stated in this Magistrate Judge's Report. However, a district court "is not compelled to limit the basis for summary judgment to those facts listed in the motion for summary judgment." *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994). *See also Atkins v. Salazar*, 677 F.3d 667, 680 (5th Cir. 2011) (noting that additional facts, "as well as any other evidence in the record, could be considered by the district court when making its summary judgment determination"). To the extent that Plaintiff

## **RECOMMENDATION**

It is recommended that Plaintiff's claim asserted against the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, be dismissed for lack of jurisdiction pursuant to the Eleventh Amendment to the United States Constitution.  It is further recommended that the Motion for Summary Judgment of the remaining Defendant, James LeBlanc (R. Doc. 13), be granted, dismissing Plaintiff's § 1983 claim asserted against Defendant LeBlanc, without prejudice to the plaintiff's right to seek habeas corpus relief in a separate proceeding.

Signed in Baton Rouge, Louisiana, on December 6, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

may be entitled to notice and an opportunity to respond to the Court's reliance upon a different theory supporting dismissal of his claim, the Court advises Plaintiff that this Magistrate Judge's Report provides him with sufficient notice, and he may marshal any argument he may have or provide an evidentiary showing in submitting an Objection thereto.